# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CARL McINTOSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06-CV-695 AGF |
| ) | |
| MICHAEL DWYER, NORMAN S. LONDON, ) | |
| UNKNOWN LAWLESS, FELICIA JONES, ) | |
| TRACY L. BERRY, CATHERINE ) | |
| HANAWAY, JOHN BUSH and THOMAS ) | |
| KERN, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Carl McIntosh for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $16.67 and an average monthly account balance of $8.33. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.33 which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## The complaint

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff, presently incarcerated at the Crawford County Jail on federal charges of conspiracy, aggravated identity theft, access device fraud and possession of fifteen or more access devices, *see United States v. McIntosh*, No. 4:06-cr-00012-CEJ (E.D. Mo.), seeks monetary and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983, which the Court will construe as a *Bivens* action.[1] The named defendants are Michael Dwyer (Assistant Federal Public Defender), Norman S. London (Federal Public Defender), Unknown Lawless (Assistant Federal Public Defender), Felicia Jones (Assistant Federal Public Defender), Tracy L. Berry (Assistant United States Attorney), Catherine Hanaway (United States Attorney), John Bush (Agent, United States Secret Service) and Thomas Kern (United States Postal Inspector).

Plaintiff alleges that his attorney, defendant Dwyer misrepresented, lied, falsified documents, aided the Assistant United States Attorney, and threatened to send him for a psychiatric examination "for trying to change him." Plaintiff asserts that defendants conspired to violate his constitutional rights, in that he did not receive a speedy trial; the indictment and complaint against him were unsigned; and the search warrant was altered and backdated after the search to included everything seized.

**Discussion**

Having carefully reviewed the complaint, the Court concludes that plaintiff's *Bivens* action should be dismissed because a judgment in plaintiff's favor would necessarily imply the

---

[1]Title 42 U.S.C. § 1983 creates a remedy to redress a deprivation of a federally-protected right by a state actor acting under color of state law but is inapplicable to a federal actor acting under color of federal law. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 n. 1, 91 S.Ct. 1999 (1971) (Harlan, J., concurring); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984). Because the named defendants are federal employees - not state employees - plaintiff's claims cannot be brought under § 1983.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

invalidity of a future conviction on the pending criminal charge. *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994) (individual seeking damages for an unconstitutional conviction under 42 U.S.C. § 1983 must show conviction has been invalidated or otherwise set aside). Although, in *Heck*, the Court addressed an action brought under § 1983, the Court's reasoning did not rest on any consideration unique to §1983, and *Bivens* is "the federal analog to suits brought against state officials under . . . § 1983." *Hartman v. Moore*, ---S.Ct.----, 2006 WL 1082843, *3 (2006). Moreover, the rationale of *Heck* concerning a post-conviction claim for damages applies equally to a pre-conviction claim for damages that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. *McDaniels v. Meeks,* 2006 WL 148743, slip op. at 2 (E.D. Mo. 2006). Accordingly, plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $3.33 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 4] be **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

to issue upon the complaint, because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 9th day of May, 2006.

_____
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com